## S. F. Bowser & Co. v. Goldberg.

*Replevin—Claim property bond—Suit against surety—Value of chattels—Evidence of value—Affidavit of value filed with præcipe—New trial—Judgment non obstante veredicto.*

1. The affidavit of value of chattels, filed at the time of issuance of a writ of replevin, is not competent evidence of value upon a trial against the surety on the claim property bond.

2. Where such evidence is admitted and is the only evidence of value of the chattels, a new trial will be granted. Judgment *non obstante veredicto* will not be entered, as the plaintiff might have produced other evidence of value if the affidavit had been excluded.

3. A suit can be maintained against a surety on the claim property bond for the value of the property replevied without a previous ascertainment of its value.

Motions by defendant for a new trial and for judgment *non obstante veredicto.* C. P. Delaware Co.

.A. A. Cochran, for motions; J. E. McDonough, contra.

BROOMALL, J., Jan. 15, 1924.—This is a suit on a claim property bond in replevin. The bond was given by Isadore Goldberg as principal, who, under the name of Isaac Goldberg, was returned by the sheriff as the party in possession of the replevied property, who was thereupon made a party defendant. The other defendant, Samuel Goldberg, is the surety in the bond.

The replevin suit terminated in a judgment in favor of the plaintiffs by default.

On the trial of this suit on the bond, the plaintiffs offered in evidence their affidavit of the value of the goods filed at the institution of the replevin suit, which was received in evidence under defendants' objection. This was received as evidence of value. This was a mistake. The self-serving declaration of the plaintiff ought not to have been admitted. This affidavit never figured as evidence on a trial, because there was no trial—judgment having been taken by default. Moreover, the surety in the bond was in no manner affected by or committed to this affidavit. But this is no reason to support a judgment *non obstante veredicto.* If the affidavit had been excluded, the plaintiffs would have had the right to an exception, and possibly might have introduced other evidence of value. The plaintiffs would be deprived of this right by a judgment *non obstante veredicto* for the defendants. The verdict was right in the state of the evidence. The grievance of the defendant is the

4 D. & C.

erroneous admission of evidence. Still, for the error referred to, there ought to be a new trial.

The defendants contend that the plaintiffs cannot maintain this action without a previous ascertainment of the value of the goods in the original action by a writ of inquiry or a verdict of a jury. To concede this contention would be in the teeth of the 7th section of the Act of April 19, 1901, P. L. 88, which is: "If the title to said goods and chattels be found finally to be in a party who has not been given possession of the same in said proceeding, . . . he may sue, in the first instance, upon the bond given and recover thereon the value of the goods and chattels, damages and costs in the same manner that recovery is had upon other official bonds."

Defendants' motion for judgment *n. o. v.* is refused. A new trial is awarded.

From A. B. Geary, Chester, Pa.